WILLIAM A. RICHARDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17374. Promulgated March 12, 1929.

*Charles A. Guernsey, Esq.,* for the petitioner.
*Byron M. Coon, Esq.,* for the respondent.

OPINION.

STERNHAGEN: This proceeding involves a deficiency of $2,887.20 income and profits taxes for 1920. The parties filed the following stipulation, and submitted under Rule 29:

It is stipulated and agreed by and between the parties hereto that the following is a full, complete and accurate Statement of Facts upon which this Cause is based:

### STATEMENT OF FACTS.

The assessment of tax from which this appeal is taken is disclosed in notice of deficiency dated April 15, 1926, and for the year 1920. Under the notice of deficiency the sum of $22,285.57 is added to the taxable income of the petitioner for the year mentioned on account of his share as one of the residuary legatees of William Washington Cole, deceased, in an alleged profit of $86,666.67 reported in the original return, Form 1041 filed for the estate of William Washington Cole by the Executor thereof for the year 1923, the alleged profit arising from the sale of real estate in the year 1920 by the Executor of the estate of William Washington Cole, deceased.

William Washington Cole died on or about the 10th day of March, 1915, seized of the real estate hereinbefore mentioned which he had acquired by purchase from the Bank of Metropolis of New York in 1906 for a consideration of $1,500,000. The real estate was appraised for the purposes of New York Transfer Tax (Inheritance tax) at $800,000 as of the date of the death of William Washington Cole, and was sold by the Executor of the estate of William Washington Cole under power conferred on it by the Last Will and Testament of said William Washington Cole, in 1920 to one Dora Kessler for a consideration of $1,000,845, of which $310,000 was paid in cash and the balance in two first bonds and mortgages which were of the fair and reasonable value of $613,333.33 at the time they were received in payment of said real estate.

That the depreciation on said building for the fourteen years from the date of acquirement by Cole to the date of sale by the Executor amounted to $135,833.33.

That the real estate hereinbefore referred to constituted a part of the residuary estate of said William Washington Cole, deceased, and the interest of the petitioner in the estate of William Washington Cole and in said real estate and the proceeds thereof and the rights of the Executor in connection therewith arises from and is based on the following provisions in the Last Will and Testament of said William Washington Cole, deceased, which was duly probated, to wit:

X. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever the same may be, I authorize my executor to divide into eight equal shares, and pay over two of such shares to my wife, Margaret C. Cole, and I give to each of the following named six persons one of said shares and should either of said persons predecease me then I give the share of the one so dying to his or her heirs or next of kind; the six persons now intended to be benefited are as follows:

George Ernest Cooke, now of U. S. A., my cousin, son of my uncle Alfred Cooke, deceased

Rosina Cooke Adams, now of U. S. A., my cousin, daughter of my uncle Henry Cooke;

John William Cooke, Fleet, Hants, England, my cousin, son of my uncle William Cooke, deceased;

John Henry Cooke, Edinburgh, Scotland, my cousin, son of my uncle Henry Cooke;

Jessie Richards, widow of Albert E. Richards, Fostoria, Ohio.

William A. Richards, Fostoria, Ohio, son of Jessie and Albert E. Richards.

In case of the death of my wife Margaret C. Cole before the time when my executor may be able to pay in full these residuary terms, then such two shares or any portion of the two shares of this residuum hereunder above designated for her in the hands of my executor shall be distributed equally among the above six persons, on the same terms that each of said six persons takes his or her share aforesaid.

XIII. I hereby nominate and appoint the Union Trust Company of New York (now of 80 Broadway, Borough of Manhattan, New York City) Executor of this my Will; and I hereby authorize, direct and empower my said Executor to sell any or all real estate of which I may die seized or possessed at such times, on such terms and in such manner as may seem best to my said Executor for the purpose of executing most effectually this Will, and to make, sign, seal, acknowledge and deliver (as fully as I could myself do if living) all deeds, conveyances and other writings necessary to carry out such sales, I also authorize and empower my said Executor to lease any or all of my real estate on such terms as to it may seem best and consistent with this Will, though the period of any such lease need not be limited by the date within which I have provided my estate shall be settled.

That the Commissioner has heretofore determined that no part of the alleged profit arising from the sale of said real estate in the year 1920 by the Executor of the estate of William Washington Cole, deceased, reported in the original return form 1041 filed by the estate of said William Washington Cole, deceased, for the year 1920, was assessable against said estate, and that all of said alleged profit should be assessed as taxable income for the year 1920 against the residuary devisees of said estate, including the petitioner, according to their respective shares in said residuary estate.

The no-tax return Form 1040-a filed by the petitioner for the taxable year 1920 was not signed or sworn to by the petitioner and no filing date is shown.

That under date of February 11th, 1926, the petitioner received an office letter from the Commissioner of Internal Revenue to the effect that the tax hereinbefore referred to would be assessed against him in accordance with Section 274 (d) of the Revenue Act of 1924 and would be subject to abatement claim. That in the statement accompanying the notice of deficiency above referred to and being a part thereof is a statement that because of the enactment of the Revenue Act of 1926 assessment was made in accordance with Section 279 of that act and that the letter of the Commissioner of April 15, 1926, being the notice of deficiency above referred to, superseded the office letter of February 11, 1926, above referred to.

That the Bureau used the appraised value of the property as of the death of the decedent amounting to $800,000 in determining the profit from the sale in 1920 instead of the original cost of the property in 1906, and if the basis of computation adopted by the Bureau is correct, the amount of the deficiency is correctly computed.

The petitioner contests the assessment only on two grounds:—First, that the assessment is barred by the Statute of Limitations and second, that the original cost of the property of $1,500,000 in 1906 should be used in determining the profit from the sale instead of the appraised value of the property as of the date of the death of decedent.

It is further stipulated and agreed by the parties hereto that this cause shall be submitted on the above and foregoing Statement of Facts.

The petitioner contends that any deficiency for 1920 for which he might otherwise have been liable has lapsed with the expiration of the limitation period of section 277 (a)(3), Revenue Act of 1926. But the facts stipulated are not enough. Something called a "no-tax return Form 1040-a" was filed by petitioner for 1920. We may not assume this to be the statutory return, and the lack of signature or oath is such a defect as to deprive petitioner of the statutory limitation. *Pilliod Lumber Co.*, 7 B. T. A. 591; *Equity Union Creamery & Mercantile Exchange*, 9 B. T. A. 413. The absence of proof of date of filing is also fatal to this contention.

The petitioner's second contention is that a gain was erroneously attributed to him by respondent as his share of the profit resulting from the sale in 1920 of real estate purchased in 1906 by Cole and devised by Cole in 1915 as part of his residuary estate, in which petitioner had an interest. Petitioner contends that the original cost of $1,500,000 to Cole in 1906 reduced by intervening depreciation must be used as the basis for determining gain or loss from the sale in 1920, and not the transfer tax valuation of $800,000 in 1915. There is no dispute that the transfer tax valuation is the correct value at the time of death, and since respondent has used it we take it as his official determination of value and correct. For the purpose of the decision we also assume petitioner's view that upon Cole's death he acquired a direct interest in the title to the real estate in question. But petitioner must nevertheless fail. Since, as in *Dorothy Payne Whitney Straight*, 7 B. T. A. 177, and *Bankers Trust Co.* v. *Bowers*, 23 Fed. (2d) 941, the decedent and his executor are treated as separate tax persons, and the basis for gain or loss by the executor is value at acquisition and not cost to decedent, *a fortiori*, the direct beneficiary does not stand in the shoes of decedent so as to succeed to his cost basis, but measures his gain upon the new basis of value at acquisition.

*Judgment will be entered for the respondent.*